IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC | ) | |
| | ) | PENDING BEFORE THE UNITED |
| Plaintiff, | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TEXAS |
| v. | ) | |
| | ) | |
| SALESFORCE, INC. | ) | C.A. Nos. 6:20-cv-1163 through -1172 |
| | ) | (ADA) |
| Defendant. | ) | |
| | ) | |
| SALESFORCE, INC. | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| WSOU HOLDINGS, LLC and WSOU CAPI-TAL PARTNERS LLC | ) | **REDACTED - PUBLIC VERSION** |
| | ) | **Original Filing Date: January 20, 2023** |
| | ) | **Redacted Filing Date: January 24, 2023** |
| Third-Party Defendants. | ) | |

**SALESFORCE, INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS *DUCES TECUM*
AND *AD TESTIFICANDUM***

**TABLE OF CONTENTS**

Page

I.     NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF THE
       ARGUMENT ................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................ 3

       A.     WSOU Investments' Patent Lawsuits Against Salesforce ....................... 3

       B.     Salesforce Asserted a License Defense Based on ████████████
              ████████████████ .................................................................... 3

              1.     The Prior Settlement and Patent License Agreement Between
                     Uniloc and Salesforce Granted Salesforce a License to Future
                     Patents That WSOU Investments Has the Ability or Right to
                     Enforce or License .......................................................................... 3

              2.     ███████████████████████████████
                     ██████████████████████████ .................................. 5

       C.     The Subpoenas Seek Discovery of Documents and Testimony Concerning
              ███████████████ of WSOU Holdings and WSOU Capital, and
              Their Control of WSOU Investments ....................................................... 8

       D.     WSOU Holdings and WSOU Capital Object to Producing Documents and
              Testifying At a Deposition ...................................................................... 9

III.   LEGAL STANDARD ..................................................................................... 12

IV.    ARGUMENT ................................................................................................ 12

       A.     Salesforce's Subpoenas Seek Discovery Relevant to Its License Defense ........... 13

       B.     WSOU Holdings and WSOU Capital's Responses to the Subpoenas Are
              Inadequate, Meritless, and Inapplicable ................................................. 13

              1.     WSOU Holdings and WSOU Capital's Relevance Objections Are
                     Meritless ........................................................................................ 14

              2.     The Objections That The Document Requests and Deposition
                     Topics Are Vague and Ambiguous Are Meritless ............................ 14

              3.     The Objections That The Document Requests and Deposition
                     Topics Are Overly Broad, Unduly Burdensome, Harassing, and
                     Oppressive Are Meritless and Inadequate ...................................... 15

              4.     The Objections Based on Confidentiality and a Right of Privacy
                     Are Invalid and Moot ....................................................................... 16

              5.     The Privilege Objections Are Insufficient ...................................... 17

              6.     The Objection of Improper Service of Process Is Meritless ................ 18

              7.     The Objection to E-Discovery Is Inapplicable ................................. 18

8.      The Objection Regarding the Discovery of License Negotiations Is
        Inapplicable ............................................................................................18

9.      The Objection That Salesforce Allegedly Failed to Meet-and-
        Confer in Good Faith on Deposition Topics Is Inaccurate .......................19

V.      CONCLUSION .............................................................................................................19

## **TABLE OF AUTHORITIES**

**Cases**                                                                    **Page(s)**

*Breeden v. Reihart,*
    C.A. No. 1:21-cv-496, 2022 WL 493684 (M.D. Pa. Feb. 17, 2022) ........................... 14

*Ceuric v. Tier One, LLC,*
    325 F.R.D. 558 (W.D. Pa. May 17, 2018) ............................................................ 15, 16

*Graham v. Progressive Direct Ins. Co.,*
    C.A. No. 09-969, 2010 WL 11469535 (W.D. Pa. Nov. 1, 2010) ................................ 17

*Heller v. City of Dallas,*
    303 F.R.D. 466 (N.D. Tex. Nov. 12, 2014) ................................................................ 15

*HMV Indy, LLC v. Inovateus Solar, LLC,*
    C.A. No. 2:20-mc-52-JDW, 2020 WL 3498259 (E.D. Pa. June 29, 2020) ................. 14

*Invensas Corp. v. Renesas Elecs. Corp.,*
    C.A. No. 11-cv-448-GMS-CJB, 2013 WL 12146531 (D. Del. May 8,
    2013) ........................................................................................................................... 12

*Justiano v. G4S Secure Sols., Inc.,*
    291 F.R.D. 80 (D.N.J. Feb. 22, 2013) ........................................................................ 17

*Kaiser v. Stewart,*
    C.A. No. 96-6643, 1996 WL 730533 (E.D. Pa. Dec. 10, 1996) .................................. 12

*Koresko v. Beliweis,*
    C.A. No. 04-00769, 2004 WL 2203713 (E.D. Pa. Sept. 27, 2004) ............................ 14

*Metz Culinary Mgmt., Inc. v. OAS, LLC,*
    C.A. No. 3:21-cv-01023, 2022 WL 17978793 (M.D. Pa. Dec. 28, 2022)............. 13, 17

*Mondis Tech., Ltd. v. LG Elecs., Inc.,*
    No. 2:07-CV-565-TJW-CE, 2011 WL 1714304 (E.D. Tex. May 4,
    2011) ........................................................................................................................... 19

*Osagie v. Borough of State College,*
    586 F. Supp. 314 (M.D. Pa. Feb. 22, 2022) ............................................................... 12

*Parisi v. State Farm Mut. Auto. Ins. Co.,*
    C.A. No. 3:16-cv-00179, 2017 WL 4403326 (W.D. Pa. Oct. 2, 2017) ...................... 15

*Progressive Garden State Ins. Co. v. Metius*,
    C.A. No. 18-2893 (WJM), 2019 WL 1468155 (D.N.J. Apr. 3, 2019) ........................ 16

*Reynolds v. Slippery Rock Univ. of PA*,
    C.A. No. 18-1571, 2021 WL 796029 (W.D. Pa. Mar. 2, 2021) ................................. 17

*SmithKline Beecham Corp. v. Apotex Corp.*,
    2006 WL 279073 (E.D. Pa. Jan. 31, 2006) ................................................................. 15

*Sol IP, LLC v. AT&T Mobility LLC*,
    No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140 (E.D. Tex. Jan. 6,
    2020) ......................................................................................................................... 19

*Takeda Pharm. Co. v. Teva Pharms. USA, Inc.*,
    C.A. No. 09-841-SLR-LPS, 2010 WL 2640492 (D. Del. June 21, 2010) .................. 11

*Verisign, Inc. v. XYZ.com, LLC*,
    C.A. No. 15-mc-175-RGA-MPT, 2015 WL 7960976 (D. Del. Dec. 4,
    2015) ......................................................................................................................... 12

*WSOU Investments, LLC v. Salesforce, Inc.*,
    Case Nos. 6:20-cv-01163 ....................................................................................... 1, 3

**Rules**

Fed. R. Civ. P. 26(b) ............................................................................................... 12, 17

Fed. R. Civ. P. 45 ................................................................................................... *passim*

Fed. R. Civ. P. 30(b)(6) ........................................................................................... 10, 19

I.      **NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF THE ARGUMENT**

WSOU Investments, LLC ("WSOU Investments") is a patent holding company that has ten pending patent-infringement lawsuits against Salesforce, Inc. ("Salesforce") in the Western District of Texas.  *See WSOU Investments, LLC v. Salesforce, Inc.*, Case Nos. 6:20-cv-01163 to -01172 (ADA) (W.D. Tex.) ("the WSOU Patent Litigation").  In that litigation, Salesforce served a subpoena on each of WSOU Holdings, LLC ("WSOU Holdings") and WSOU Capital Partners, LLC ("WSOU Capital"), two Delaware limited liability companies.  WSOU Capital and WSOU Holdings each own substantial interests in WSOU Investments.  Moreover, a third company (Orange Holdings ("Orange"), a Nevada corporation), owns substantial interests in WSOU Capital and WSOU Holdings, and through those interests, owns the largest individual share of WSOU Investments.

The discovery sought from WSOU Holdings and WSOU Capital generally relates to a case-dispositive license defense that arises from a settlement and license agreement that Salesforce signed with Uniloc, a different patent holding company founded by the same individual that founded WSOU Investments, Craig Etchegoyen.  ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████    ████████████████████████████    control of WSOU Investments in turn requires

understanding its ownership structure ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

     Thus, understanding (i) the ownership structure and actions of WSOU Holdings and

WSOU Capital; (ii) the relationship between WSOU Holdings, WSOU Capital, WSOU

Investments, and Orange; ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ are all squarely relevant to this key issue.

     Salesforce's subpoena seeks documents and testimony concerning (i) the formation,

structure, governance, and ownership of WSOU Holdings and WSOU Capital, (ii) the relationship

between WSOU Holdings and WSOU Capital, (iii) ████████████████████████████

████████, and (iv) their relationships with WSOU Investments.  Salesforce sought the same

information directly from WSOU Investments in the Texas litigation, but WSOU Investments

represented to the Court in that action that it did not have possession or custody of the requested

information (or at least most of it).  Salesforce also sought to compel WSOU Holdings and WSOU

Capital to produce this information in response to its subpoenas before Judge Gilliland in the

Western District of Texas.  In a discovery hearing on December 21, 2022, ████████████████

████████████████████████████████████████████████████████

████████████████████.  WSOU Investments also stated on the record during that hearing that

████████████████████████████████████████████████████████.

WSOU Holdings and WSOU Capital have asserted a host of boilerplate, general objections that fail to provide any specifics as to purported lack of relevance, burden, proportionality, etc. with respect to the actual document requests and deposition topics at issue, and based thereon, only produced two documents each.  Despite good faith attempts to meet-and-confer, WSOU Holdings and WSOU Capital have refused to produce any other relevant documents or testimony. Accordingly, the Court should overrule their objections and order WSOU Holdings and WSOU Capital to comply with the subpoenas in full.

## II.     FACTUAL BACKGROUND

### A.     WSOU Investments' Patent Lawsuits Against Salesforce

This Motion arises out of ten patent infringement lawsuits filed by WSOU Investments— a non-practicing patent monetization entity—against Salesforce in the United States District Court for the Western District of Texas (the "WSOU Patent Litigation").  *WSOU Investments, LLC v. Salesforce, Inc.*, Case Nos. 6:20-cv-01163 to -01172 (W.D. Tex.).  Since March 2020, WSOU Investments has filed around 200 patent infringement lawsuits against at least 17 defendants.  *See* Ex. 1 at 2. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

### B.     Salesforce Asserted a License Defense Based on ██████████████ ████████████

#### 1.     The Prior Settlement and Patent License Agreement Between Uniloc and Salesforce Granted Salesforce a License to Future Patents That WSOU Investments Has the Ability or Right to Enforce or License

Before he was the chairman of WSOU Investments, Mr. Etchegoyen founded and operated Uniloc, "a global network of various companies . . . that was one of the most active filers of patent

lawsuits," including hundreds of patent cases in the United States.  Ex. 4 ¶¶ 10-11.  Salesforce and

one of its subsidiaries were defendants in two of these patent cases.  Uniloc and Salesforce settled

these cases in a "Confidential Settlement and Patent License Agreement" ("License Agreement")

executed on December 29, 2016.  Ex. 5 at 14.  ████████████████████████████████

████████████████████████████████████████████████████████████████

██ ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████ █ ██████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Salesforce has asserted a license defense in the WSOU Patent Litigation based on the

License Agreement and ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

---

[1]   All emphases to quotations are added unless otherwise noted.

[2] ██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████

2.     **Mr. Etchegoyen Appears to Have Control of** ████████████
████████████████████

The evidence adduced to date in the WSOU Patent Litigation strongly indicates that (1)

██████████████████████████████████████████████

██████████████████████████████████████████████

████████

Orange was incorporated on May 1, 2017, with Mr. Etchegoyen as the sole member of its board of directors.  Ex. 7 at 2.  Mr. Etchegoyen is also identified on Orange's corporate documents submitted to the Nevada Secretary of State as Orange's president, secretary, treasurer, and director from its incorporation to the present.  Exs. 8-11.  ███████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████



_____

[3]

WSOU Holdings has not produced other executed versions and amendments of its operating agreements known to exist, including without limitation its original Limited Liability Company Operating Agreement dated May 7, 2019, two other amendments to the A&R LLC Operating Agreement dated August 10 and December 31, 2020, and a later amended operating agreement dated May 28, 2021. *See* Ex. 15 at 2; Ex. 17 (BP Terrier and ABN Complaint) ¶¶ 40, 45, 90.

[4]



Furthermore, the table below

**C.**      **The Subpoenas Seek Discovery of Documents and Testimony Concerning**
████████████████████████████████████████████████████████████████

In accordance with Fed. R. Civ. P. 45(a)(4), Salesforce served notice of the subpoenas to WSOU Holdings on October 6, 2022 and WSOU Capital on November 22, 2022 respectively. WSOU Holdings was served on October 7, 2022 (Ex. 21), and WSOU Capital was served on November 23, 2022.  Ex. 23.

The subpoena to WSOU Holdings seeks, in relevant part, the following:

- Documents and communications concerning the formation, structure, governance, and ownership of WSOU Holdings.  Ex. 20, Requests 1-3, 8-9, 17-20.

- Documents and communications concerning the relationship between WSOU Holdings and WSOU Investments, including WSOU Holdings' rights with respect to WSOU Investments and any direction or control exercised by WSOU Holdings over WSOU Investments.  *Id.*, Requests 4, 6-7, 10-22.

- Documents and communications concerning the relationship ███████████████ █████████████, including ████ roles, rights, authority, duties, and responsibilities with respect to WSOU Holdings.  *Id.*, Requests 1-3, 16-18, 20.

- Documents and communications concerning the relationship between Orange and WSOU Holdings, including its roles, rights, authority, duties, and responsibilities with respect to WSOU Holdings.  *Id.*, Requests 1-3, 6-7, 10, 12, 15-20.

- Documents concerning the relationship between WSOU Holdings and Omega Credit Opportunities Master Fund.  *Id.*, Request 5.

- Testimony concerning the aforementioned documents and communications.  *Id.*, Topics 1-5, 7-16, 18.

- Testimony concerning "[t]he formation of WSOU [Investments]."  *Id.*, Topic 6.

- Testimony concerning "[a]ny contemplated acquisition of patents or rights in patents from Nokia.  *Id.*, Topic 17.

Similarly, the subpoena to WSOU Capital seeks, in relevant part, the following:

- Documents and communications concerning the formation, structure, governance, and ownership of WSOU Capital.  Ex. 22, Requests 1-4, 7, 9-10, 17-21.

- Documents and communications concerning the relationship between WSOU Capital and WSOU Holdings, including WSOU Capital's rights with respect to WSOU Holdings and any direction or control exercised by WSOU Capital over WSOU Holdings. *Id.*, Requests 6, 8, 11, 17.

- Documents and communications concerning the relationship between WSOU Capital and WSOU Investments, including WSOU Capital's rights with respect to WSOU Investments and any direction or control exercised by WSOU Capital over WSOU Investments. *Id.*, Requests 5, 8, 11-23.

- Documents and communications concerning the relationship █████████████████████, including ██ roles, rights, authority, duties, and responsibilities with respect to WSOU Capital. *Id.*, Requests 1-3, 17-19, 21.

- Documents and communications concerning the relationship between Orange and WSOU Capital, including its roles, rights, authority, duties, and responsibilities with respect to WSOU Capital. *Id.*, Requests 1-4, 7, 9-11, 13, 16-21.

- Testimony concerning the aforementioned documents and communications. *Id.*, Topics 1-15, 17.

- Testimony concerning "[a]ny contemplated acquisition of patents or rights in patents from Nokia. *Id.*, Topic 16.

WSOU Capital was served with the subpoena on November 23, 2022.  Ex. 23.

### D.    WSOU Holdings and WSOU Capital Object to Producing Documents and Testifying At a Deposition

WSOU Holdings and WSOU Capital served responses and objections to the subpoenas on October 19 and December 7, 2022 respectively.  Exs. 24-25.  Both companies each produced two of their operating agreements in response to the subpoenas (Exs. 15-16, 18-19), but have withheld other operating agreements known to exist.  *See supra* notes 3-4.  In their responses, they refused to produce any other documents or designate a witness to testify at a deposition.  *See id.*  Instead, they asserted a host of objections, almost all of which are boilerplate objections with no explanation of how they apply to each document request and deposition topic.  *See id.*  The responses recite the following boilerplate objections (grouped by topic) to every document request and deposition topic:

- <u>relevance</u>: "not relevant to any claim or defense in [the WSOU Patent Litigation]"; "seeks information the [W.D. Texas] Court has already found irrelevant and/or not discoverable"; "seeks information not relevant to any party's claim or defense, nor proportional to the needs of the case";

- <u>vague, ambiguous</u>: "vague and ambiguous"; "overly broad, burdensome, harassing, oppressive, vague, and ambiguous as to the meaning of" one or more terms;

- <u>overly broad, unduly burdensome, harassing, oppressive</u>: "seeks from [WSOU Holdings/WSOU Capital] . . . materials and testimony that [Salesforce] can obtain from other sources, including public sources or parties to the litigation"; "this request is oppressive, burdensome and harassing as the [documents/information] requested can be sought from a party or other source without the need to seek them from [WSOU Holdings/WSOU Capital]"; "overly broad, unduly burdensome, and [i]s not reasonably calculated to lead to the discovery of admissible evidence"; "overly broad, burdensome, harassing, oppressive, vague, and ambiguous as to the meaning of" one or more terms; "the instructions and definitions . . . seek to impose obligations beyond those contemplated by law and/or the Federal Rules of Civil Procedure";

- <u>confidentiality and privacy</u>: the request or topic "calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, [documents/information] that [are/is] shielded from [production/disclosure] by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges"

- <u>privilege</u>: "attorney-client privilege, work product doctrine, the common interest doctrine, or any other applicable law, privilege, or protection";

- <u>defective service</u>: "improper service of process";

*See id.*

WSOU Holdings and WSOU Capital's responses also set forth the following objections

while citing legal authority:

- "the [W.D. Texas] Court's Order Governing Proceedings does not require e-discovery";

- "license negotiations . . . are not discoverable" under E.D. Tex. case law;

- "[Salesforce] did not make any attempt to confer in good faith with [WSOU Holdings/WSOU Capital] concerning the 'matters for examination' as required under Rule 30(b)(6)";

10

*See* Ex. 24 at 2-3; Ex. 25 at 2-3.[5]

On December 5, 2022, counsel for Salesforce and counsel for WSOU Holdings and WSOU Capital met and conferred via telephone conference regarding the two subpoenas.  Slobodyanyuk Decl. ¶¶ 7-9.  Counsel for WSOU Holdings and WSOU Capital had already received a copy of the License Agreement and counsel for Salesforce had explained to him the basis of Salesforce's license defense in a previous meet-and-confer when he represented other entities concerning similar subpoenas.  *Id.* ¶¶ 3-4, 11, Ex. 26 (12/6/22 M. Pietz email).  But counsel for WSOU Holdings and WSOU Capital asserted that "its [*sic*] not [him] [Salesforce] need[s] to explain it to," and instead insisted that Salesforce must explain the basis of its license defense to WSOU Holdings and WSOU Capital.  *Id.* ¶ 11, Ex. 26 (12/6/22 M. Pietz email).  Following the WSOU Patent Litigation court's December 21, 2022 ruling granting Salesforce's request to compel documents related to the ownership or control of WSOU Holdings, WSOU Capital, and Orange, Salesforce requested another meet-and-confer "to see if the parties can reach an agreement on the production of documents and a deposition to narrow the scope of the parties' disputes."  *Id.* ¶ 14, Ex. 26 (12/23/22 I. Wang email).  WSOU Holdings and WSOU Capital refused to meet and confer "[u]nless and until [Salesforce] ha[s] articulated [its] theories in some more detail and supported

---

[5]  WSOU Holdings and WSOU Capital did not assert an objection based on a lack of compensation from Salesforce for the costs of complying with the Subpoena but has indicated that "[t]o the extent that [WSOU Holdings/WSOU Capital] provides any information in response to this or any other subpoenas in this matter, [WSOU Holdings/WSOU Capital] will expect compensation from [Salesforce]."  Ex. 24 at 3; Ex. 25 at 3.  The case law cited by WSOU Holdings and WSOU Capital are inapposite because they rely on an earlier version of Fed. R. Civ. P. 45 that is no longer in effect.  To the extent that WSOU Holdings and WSOU Capital seek to object to the subpoenas based on the cost of compliance, each of them bears the burden of demonstrating that compliance with the respective subpoena would impose an undue expense.  *See Takeda Pharm. Co. v. Teva Pharms. USA, Inc.*, C.A. No. 09-841-SLR-LPS, 2010 WL 2640492, at *1 (D. Del. June 21, 2010) ("On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.");  Fed. R. Civ. P. 45(e)(1)(D).

them with evidence" beyond the detailed explanations Salesforce has already provided in multiple telephonic meet and confers.  *Id.* ¶ 15, Ex. 26 (12/27/22 M. Pietz email).

## III.    LEGAL STANDARD

Fed. R. Civ. P. 45 provides that—via a subpoena—a party may command a non-party to (i) produce documents in its possession, custody, or control and (ii) attend and testify at a deposition.  Fed. R. Civ. P. 45(a)(1)(A)-(B).  "Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery, which also applies to a Rule 45 subpoena."  *Verisign, Inc. v. XYZ.com, LLC*, C.A. No. 15-mc-175-RGA-MPT, 2015 WL 7960976, at *1 (D. Del. Dec. 4, 2015). "Rule 26(b)(1) provides that discovery encompasses 'any nonprivileged matter that is relevant to any party's claim or defense.'"  *Id.*  "When a party objects to discovery requests, 'the burden falls on the party seeking the discovery to show the relevance of the information requested.'"  *Invensas Corp. v. Renesas Elecs. Corp.*, C.A. No. 11-cv-448-GMS-CJB, 2013 WL 12146531, at *2 (D. Del. May 8, 2013) (quoting *Kaiser v. Stewart*, C.A. No. 96-6643, 1996 WL 730533, at *2 (E.D. Pa. Dec. 10, 1996)).  Once relevance is shown, the burden shifts to the party opposing discovery to specifically show why the requested discovery should not be permitted.  *See id.*; *Osagie v. Borough of State College*, 586 F. Supp. 314, 321 (M.D. Pa. Feb. 22, 2022) ("When . . . a motion [to compel] is filed, '[t]he moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.'").

## IV.    ARGUMENT

WSOU Holdings and WSOU Capital should be compelled to comply with the subpoenas in full because the subpoenas seek discovery relevant to Salesforce's license defense, and WSOU

Holdings and WSOU Capital's objections are (i) boilerplate objections insufficient to meet their burden of establishing that the requested discovery should not be had, (ii) meritless, or (iii) inapplicable given the established facts and court rulings in the WSOU Patent Litigation.

### A.      Salesforce's Subpoenas Seek Discovery Relevant to Its License Defense

The subpoenas to WSOU Holdings and WSOU Capital seek documents and testimony relevant to Salesforce's license defense.  As explained above, documents and communications concerning (i) the formation, structure, governance, and ownership of WSOU Holdings and WSOU Capital (Ex. 20, Requests 1-3, 8-9, 17-20; Ex. 22, Requests 1-4, 7, 9-10, 17-21), (ii) their relationship with each other (Ex. 22, Requests 4, 6-7, 10-22), (iii) their relationships with ████ ████████████████ (Ex. 20, Requests 1-3, 6-7, 10, 12, 15-20; Ex. 22, Requests 1-4, 7, 9-11, 13, 16-21), and (iv) their relationships with WSOU Investments (Ex. 20, Requests 4, 6-7, 10-22; Ex. 22, Requests 5, 8, 11-23) directly implicate ████████████████████████████ ████████████████████████, and is thus relevant to Salesforce's license defense.  *See supra* § II.A-B.  Indeed, the WSOU Patent Litigation court's December 21, 2022 ruling granting Salesforce's request to compel the production of documents related to the structure, ownership, or control of WSOU Holdings, WSOU Capital, and Orange reinforces the relevance of the discovery sought by the subpoenas to WSOU Holdings and WSOU Capital.  *See* Ex. 29 at 1.

### B.      WSOU Holdings and WSOU Capital's Responses to the Subpoenas Are Inadequate, Meritless, and Inapplicable

WSOU Holdings and WSOU Capital's boilerplate objections to the subpoenas are insufficient to rebut Salesforce's showing of relevance.  "It is well settled that the duty to 'provide reasoning and specificity with each objection,' falls upon the party objecting to discovery requests.'" *Metz Culinary Mgmt., Inc. v. OAS, LLC*, C.A. No. 3:21-cv-01023, 2022 WL 17978793,

at *2 (M.D. Pa. Dec. 28, 2022) (quoting *Koresko v. Beliweis*, C.A. No. 04-00769, 2004 WL 2203713, at *4 (E.D. Pa. Sept. 27, 2004)).  "[B]oilerplate objections unsupported by specific arguments are not sufficient for nonmoving parties to rebut the moving party's initial showing of relevance." *Breeden v. Reihart*, C.A. No. 1:21-cv-496, 2022 WL 493684, at *3 (M.D. Pa. Feb. 17, 2022).  In addition to lacking reason and specificity, WSOU Holdings and WSOU Capital's objections to the subpoenas are also without merit and/or inapplicable.

### 1.    WSOU Holdings and WSOU Capital's Relevance Objections Are Meritless

WSOU Holdings and WSOU Capital assert numerous relevance objections without any support, thus rendering them inoperative.  *See HMV Indy, LLC v. Inovateus Solar, LLC*, C.A. No. 2:20-mc-52-JDW, 2020 WL 3498259, at *2 (E.D. Pa. June 29, 2020).  In addition, their objections that the documents and testimony sought by the subpoenas are not relevant to any claim or defense in the WSOU Patent Litigation and that the trial court has ruled that they are not discoverable are directly contradicted by the WSOU Patent Litigation court's December 21, 2022 ruling granting Salesforce's request to compel the production of documents related to the structure, ownership, or control of WSOU Holdings, WSOU Capital, and Orange.  *See* Ex. 29 at 1; Ex. 6 at 33:20-34:8.  Furthermore, their objection that the discovery sought is not proportional to the needs of the WSOU Patent Litigation is belied by the fact that in this litigation, WSOU Investments—helmed by Mr. Etchegoyen as its chairman—has filed ten patent lawsuits against Salesforce seeking millions of dollars in damages, and that Salesforce's license defense is case dispositive.  Accordingly, these relevance objections are meritless and should be overruled.

### 2.    The Objections That The Document Requests and Deposition Topics Are Vague and Ambiguous Are Meritless

WSOU Holdings and WSOU Capital's responses generally object that each document request and deposition topic is "vague and ambiguous" and also specifically objects that the

14

meaning of one or more terms within a request or topic is "vague[] and ambiguous."  *See* Ex. 24 at 1-51; Ex. 25 at 1-51. But asserting that requests or terms are vague or ambiguous without any explanation is not a valid objection.  *See Parisi v. State Farm Mut. Auto. Ins. Co.*, C.A. No. 3:16-cv-00179, 2017 WL 4403326, at *1 (W.D. Pa. Oct. 2, 2017) ("The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient."). Furthermore, most of the terms that they assert are vague and ambiguous—*e.g.*, "you," "Orange," "WSOU," and the names of other related third parties such as "Nokia," "AQUA," "Houlihan," and "BP Funding Trust"—are specifically defined within the subpoenas.  *See* Ex. 20 at 4-7, Ex. 22 at 4-7.  In addition, WSOU Holdings and WSOU Capital also assert this objection without any explanation against commonly used terms such as "relationship" (*i.e.*, "the relationship between [WSOU Holdings/Capital] and WSOU") and "value" (*i.e.*, "the value of the Asserted Patents, Related Patents, or WSOU Patents").  *See* Ex. 24 at 7-8, 30, 36-37; Ex. 25 at 8, 10-11, 32, 37-39. Accordingly, these objections should be overruled.

### 3. The Objections That The Document Requests and Deposition Topics Are Overly Broad, Unduly Burdensome, Harassing, and Oppressive Are Meritless and Inadequate

WSOU Holdings and WSOU Capital's responses include numerous unsupported objections that the document requests and deposition topics are "overly broad, unduly burdensome, harassing, and oppressive."  *See* Ex. 24 at 1-51; Ex. 25 at 1-51.  But "[s]imply objecting to requests as 'overly broad, burdensome, oppressive and irrelevant,' without showing 'specifically how each [request] is not relevant or how each question is overly broad, burdensome, or oppressive,' is inadequate to 'voice a successful objection.'"  *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. May 17, 2018) (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 483-84 (N.D. Tex. Nov. 12, 2014)); *see SmithKline Beecham Corp. v. Apotex Corp.*, 2006 WL 279073, at *2 (E.D. Pa. Jan. 31,

2006) ("Mere recitation of the familiar litany that an interrogatory or document production request is 'overly broad, burdensome or oppressive' will not suffice.").  To the extent that WSOU Holdings and WSOU Capital assert this objection on the basis that the discovery sought can be obtained from other sources, "Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third party." *Ceuric*, 325 F.R.D. at 561. Furthermore, WSOU Holdings and WSOU Capital do not—and cannot—explain why anyone else would have the information sought by the subpoenas (*e.g.*, documents and communications regarding (i) the formation, structure, governance, and ownership of WSOU Holdings and WSOU Capital and (ii) the relationship between WSOU Holdings and WSOU Capital)—information likely in their exclusive possession, custody, or control. ██████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ██████████████████████████████████ Accordingly, the "overly broad, unduly burdensome, harassing, and oppressive" objections should be overruled for being meritless and inadequate.

### 4. The Objections Based on Confidentiality and a Right of Privacy Are Invalid and Moot

WSOU Holdings and WSOU Capital's responses object that the discovery sought is "non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence" under unspecified laws and the "right of privacy under the United States Constitution." *See* Ex. 24 at 4-51; Ex. 25 at 4-51.  The confidentiality related objections are invalid because "[c]onfidentiality and business interests . . . are not a legitimate objection to discovery." *Progressive Garden State Ins. Co. v. Metius*, C.A. No. 18-2893 (WJM), 2019 WL 1468155, at *2 (D.N.J. Apr. 3, 2019); *see*

*Justiano v. G4S Secure Sols., Inc.*, 291 F.R.D. 80, 84 n.3 (D.N.J. Feb. 22, 2013) ("It is not a legitimate basis to deny relevant discovery simply because it is designated 'confidential.'"). Moreover, the boilerplate privacy objection is moot because there is a standard protective order in the WSOU Patent Litigation that allows WSOU Holdings and WSOU Capital to designate the documents and testimony they produce pursuant to the subpoenas as "Confidential" or "Confidential — Outside Attorneys' Eyes Only" (Ex. 27 at 1-3), and counsel for WSOU Holdings and WSOU Capital has already indicated that they would likely agree to abide by the existing protective order. *See* Ex. 26 (12/27/22 M. Pietz email).

### 5.     The Privilege Objections Are Insufficient

"Courts in the Third Circuit 'have always held that a privilege log is required to assert objections on the basis of privilege and that boilerplate or general obligations are disfavored and do not preserve an objection.'" *Metz Culinary Mgmt., Inc. v. OAS, LLC*, C.A. No. 3:21-cv-01023, 2022 WL 17978793, at *2 (M.D. Pa. Dec. 28, 2022) (quoting *Reynolds v. Slippery Rock Univ. of PA*, C.A. No. 18-1571, 2021 WL 796029, at *5 (W.D. Pa. Mar. 2, 2021)).  WSOU Holdings and WSOU Capital object to every document request and deposition topic on the basis of the attorney-client privilege, work-product doctrine, and the common interest doctrine without any specifics. *See* Ex. 24 at 1-51; Ex. 25 at 1-51.  As such, these objections are insufficient to assert a privilege and should be overruled.  Furthermore, if responsive documents exist and have been withheld, WSOU Holdings and WSOU Capital are each required to compile and serve Salesforce with a privilege log which complies with Rule 26(b)(5). *See Graham v. Progressive Direct Ins. Co.*, C.A. No. 09-969, 2010 WL 11469535, at *4 (W.D. Pa. Nov. 1, 2010) ("Rule 26(b)(5)(A)(ii) requires that a party raising a privilege as a defense to production do so in a privilege log.").

6.      **The Objection of Improper Service of Process Is Meritless**

WSOU Holdings and WSOU Capital's objection of "improper service of process" fails to identify any defect with the service of the Subpoena.  *See* Ex. 24 at 1; Ex. 25 at 1.  In fact, the proofs of service show that the subpoenas were properly served on WSOU Holdings and WSOU Capital's registered agent.  *See* Exs. 21, 23.  Thus, this objection is meritless and should be overruled.

7.      **The Objection to E-Discovery Is Inapplicable**

WSOU Holdings and WSOU Capital's objection that the trial "[c]ourt's Order Governing Proceedings does not require e-discovery" is inapposite because—by their own admission—the OGP does not apply to the subpoenas.  Indeed, when Salesforce sought to enforce the subpoenas in the WSOU Patent Litigation, WSOU Holdings and WSOU Capital argued to the trial court that the OGP "has a Section IV that governs discovery disputes *between the parties*," and thus as a non-party it was "not subject to the OGP's expedited discovery procedures."  Ex. 28 at 1 (emphasis in original).  Accordingly, the Court should overrule WSOU Holdings and WSOU Capital's objection to searching and producing electronically stored information.

8.      **The Objection Regarding the Discovery of License Negotiations Is Inapplicable**

WSOU Holdings and WSOU Capital's objection that evidence of license negotiations is not discoverable is also inapposite because the subpoenas do not seek discovery of license negotiations.  *See* Ex. 24 at 13-16; Ex. 25 at 13-17.  And to the extent that WSOU Holdings and WSOU Capital object to the production of documents and testimony regarding discussion of license negotiations between WSOU Investments and third parties directed or controlled by WSOU Holdings and WSOU Capital, the case law cited within their responses are inapposite because, unlike in those cases, Salesforce is not seeking such discovery as evidence of the value

of the asserted patents in the WSOU Patent Litigation in a hypothetical negotiation.  *See Sol IP,*

*LLC v. AT&T Mobility LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140, at *3 (E.D. Tex.

Jan. 6, 2020); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL

1714304, at *5 (E.D. Tex. May 4, 2011).  Rather, the discovery sought by the subpoenas is to show

███████████████████████████████████████████████████████████████████

████████████████.  Accordingly, the Court should overrule this objection.

### 9. The Objection That Salesforce Allegedly Failed to Meet-and-Confer in Good Faith on Deposition Topics Is Inaccurate

WSOU Holdings and WSOU Capital object to the subpoenas because it "purports to

unilaterally mandate the matters for examination" and Salesforce allegedly "did not attempt to

confer in good faith with [WSOU Holdings/WSOU Capital] . . . as required under Rule 30(b)(6)."

Ex. 24 at 3; Ex. 25 at 3.  As shown above, Salesforce has repeatedly explained to counsel for

WSOU Holdings and WSOU Capital in meet-and-confers how the discovery sought by the

subpoenas is relevant to Salesforce's license defense, and it has offered to further meet-and-confer

to narrow the scope of the parties' dispute.  *See supra* § II.D.  In contrast, it is WSOU Holdings

and WSOU Capital that refuse to comply with Rule 30(b)(6) and "designate one or more officers,

directors, or managing agents, or . . . other persons who consent to testify on its behalf."  Given

their boilerplate objections, blanket refusals to provide a witness to testify on any of the deposition

topics, and refusal to meet-and-confer, these objections are meritless and should be overruled.

## V.    CONCLUSION

For the foregoing reasons, Salesforce respectfully requests the Court grant this Motion and

issue an order requiring WSOU Holdings and WSOU Capital to each (1) immediately produce a

copy of all corporate bylaws, resolutions, and other governance documents from the date of their

incorporation to the present; (2) search for and produce all other responsive documents; and (3)

provide one or more witnesses prepared to testify with respect to the topics set forth in the subpoenas.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

OF COUNSEL:
_____

Kevin Johnson
Ray Zado
Sam Stake
Olga Slobodyanyuk
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065
(650) 801-5000

Jared Kneitel
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA  98101
(206) 905-7000

January 20, 2023

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Salesforce, Inc.*

20