IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC | ) | |
| | ) | PENDING BEFORE THE UNITED |
| Plaintiff, | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TEXAS |
| v. | ) | |
| | ) | |
| SALESFORCE, INC. | ) | C.A. Nos. 6:20-cv-1163 through -1172 |
| | ) | (ADA) |
| Defendant. | ) | |
| | ) | |
| SALESFORCE, INC. | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| WSOU HOLDINGS, LLC and WSOU | ) | **REDACTED - PUBLIC VERSION** |
| CAPITAL PARTNERS LLC | ) | **Original Filing Date: January 20, 2023** |
| | ) | **Redacted Filing Date: January 24, 2023** |
| Third-Party Defendants. | ) | |

**DECLARATION OF OLGA SLOBODYANYUK IN SUPPORT OF SALESFORCE, INC.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS *DUCES TECUM* AND *AD TESTIFICANDUM***

I, Olga Slobodyanyuk, declare as follows:

1. I am an associate at the law firm of Quinn Emanuel Urquhart & Sullivan LLP, counsel for Defendant/Third-Party Plaintiff Salesforce, Inc. ("Salesforce") in the above-referenced underlying matter—*i.e.*, *WSOU Investments, LLC v. Salesforce.com, Inc.*, Case Nos. 6:20-cv-01163 to -01172 (W.D. Tex.) (the "WSOU Patent Litigation").

2. I submit this declaration in support of Salesforce, Inc.'s Motion to Compel Compliance With Subpoenas *Duces Tecum* and *Ad Testificandum*. I have personal knowledge of the facts set forth in this declaration, and if called to testify as a witness, could and would do so competently.

3. In April 2022, the law firm of Morgan Pietz of Pietz & Shahriari, LLP represented Aqua License, LLC, Basepoint Administrative LLC and BP Funding Trust, and Terrier SSC, LLC (collectively, the "Non-Parties") in responding to subpoenas served by Salesforce directed to its license defense in the WSOU Patent Litigation. Counsel for Salesforce and the Non-Parties held a meet and confer regarding Salesforce's subpoenas to the Non-Parties on April 8, 2022. Ray Zado, Sam Stake, and I of Quinn Emanuel Urquhart & Sullivan LLP attended on behalf of Salesforce. Mr. Pietz attended on behalf of the Non-Parties.

4. During the April 8, 2022 meet-and-confer, Salesforce explained to the Non-Parties in detail the basis of its license defense, including going through the exact provisions of the written settlement and patent license agreement between Salesforce and Uniloc (the "License Agreement") and how they applied to give Salesforce a license to the asserted patents in the WSOU Patent Litigation. Salesforce also explained how the discovery sought by its subpoenas to the Non-Parties were relevant to its license defense.

5. In October and November 2022, Salesforce issued a subpoena *duces tecum* and *ad testificandum* to each of Orange Holdings ("Orange"), WSOU Holdings, LLC ("WSOU Holdings"), WSOU Capital Partners, LLC ("WSOU Capital"), and OCO Capital Partners LP ("OCO Capital") (collectively, the "WSOU Related Parties") directed to its license defense.

6. Mr. Pietz represented the WSOU Related Parties in responding to the subpoenas. WSOU Holdings served its objections and responses to the corresponding subpoena on October 19, 2022. Orange and OCO Capital each served its objections and responses to the corresponding subpoena on November 30, 2022. WSOU Capital served its objections and responses to the corresponding subpoena on December 7, 2022.

7.      On December 5, 2022, pursuant to D. Del. LR 7.1.1., Mr. Pietz and I met and conferred via telephonic conference regarding (i) the subpoenas issued to Orange, WSOU Holdings, and OCO Capital and (ii) their responses and objections.

8.      During the conference, I explained the basis of Salesforce's license defense to Mr. Pietz again and asked him to confirm that Orange, WSOU Holdings, and OCO Capital would commit to producing documents in response to each subpoena, but Mr. Pietz refused. Instead, Mr. Pietz requested a copy of the License Agreement and Salesforce's consent to let Orange, WSOU Holdings, and OCO Capital review it. He also wanted Salesforce to provide a detailed written explanation of the license defense, including explaining the relevant provisions of the License Agreement, that he could share with his Orange, WSOU Holdings, and OCO Capital. Mr. Pietz did not promise that his clients would comply with the subpoenas if Salesforce fulfilled these requests.

9.      I also asked Mr. Pietz if he was also representing WSOU Capital in responding to the corresponding subpoena and he promised to respond after the conference. Following the conference, on the same day, I emailed Mr. Pietz a copy of the subpoena to WSOU Capital. In the email, I sent him a copy of prior email correspondence relating to the April 2022 meet-and-confer in which Salesforce had sent him a copy of the License Agreement. In addition, I informed him that Salesforce did not believe his request for consent to disclose the License Agreement to his clients was a valid reason to delay their compliance with the subpoenas because (i) "the description of Salesforce's license defense has already been provided to [him], including in detail in the parties' prior meet and confer"; (ii) [he] already . . . reviewed the [License] [A]greement and are thus fully apprised of its terms"; and (iii) "attorneys must routinely advise clients on matters

3

without disclosing confidential information of other parties without the clients having access" to the confidential information.

10. In the same email, I asked him to confirm by December 6, 2022 whether Orange, WSOU Holdings, and OCO Capital would be producing documents in response to the corresponding subpoenas and also for WSOU Capital's position on the corresponding subpoena.

11. In response to my email, Mr. Pietz asserted on December 6, 2022 that Salesforce was not only obligated to walk him through its license defense, but that Salesforce was also "obligated . . . to explain it to" Orange, WSOU Holdings, and OCO Capital. He also confirmed that Salesforce had "sent [him] the Uniloc [L]icense [Agreement] three times now."

12. The following day, on December 7, 2022, WSOU Capital served its objections and responses to Salesforce's subpoena via Mr. Pietz's law firm. According to a December 9, 2022 email from Mr. Pietz, WSOU Capital's "objections are similar to the ones we served for [Orange, WSOU Holdings, and OCO Capital] because the subpoenas request similar information . . . and they all suffer from the same relevancy and burden issues discussed[.]"

13. Salesforce sought to enforce its subpoenas to the WSOU Related Parties before the court in the WSOU Patent Litigation. In a December 21, 2022 discovery hearing, however, the Western District of Texas Court declined to rule on Salesforce's request for enforcement of the subpoenas, agreeing with the WSOU Related Parties that Salesforce should file motions to compel in the district courts located where compliance of the subpoenas was required.

14. Following the discovery hearing, on December 23, 2022, counsel for Salesforce emailed Mr. Pietz "to request a meet-and-confer next week regarding the subpoenas served on Orange Holdings, WSOU Holdings, WSOU Capital Partners, and OCO Capital Partners . . . to see

if the parties can reach an agreement on the production of documents and a deposition to narrow the scope of the parties' disputes."

15. In a December 27, 2022 email, the WSOU Related Parties denied Salesforce's request, with Mr. Pietz stating that "[u]nless and until [Salesforce] ha[s] articulated [its] theories in some more detail and supported them with evidence . . . , I do not think a further meet and confer call will be productive."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


DATED: January 20, 2023.

/s/ *Olga Slobodyanyuk*
Olga Slobodyanyuk