IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WSOU INVESTMENTS, LLC ) | |
| ) | PENDING BEFORE THE |
| Plaintiff, ) | UNITED STATES DISTRICT |
| ) | COURT FOR THE WESTERN |
| v. ) | DISTRICT OF TEXAS |
| ) | |
| SALESFORCE, INC. ) | C.A. Nos. 6:20-cv-1163 through |
| ) | -1172 (ADA) |
| Defendant. ) | |
| ) | |
| ) | |
| SALESFORCE, INC. ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:23-mc-00027-CFC |
| ) | |
| WSOU HOLDINGS, LLC and WSOU ) | |
| CAPITAL PARTNERS, LLC ) | |
| ) | |
| Third-Party Defendants. ) | |

### THIRD-PARTY DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

WSOU Holdings, LLC and WSOU Capital Partners, LLC (the "Subpoenaed Parties") respectfully move the Court for an Order permitting it to file its answering brief in support of their Opposition to Salesforce's Motion to Compel (the "Opposition"), Exhibits I, J, K, and M to the Declaration of Thomas P. Burke Jr., their forthcoming Motion to Transfer Pursuant to Rule 45(f), and their Corporate Disclosure Statement (collectively, the "Proposed Sealed Documents") under seal.

The grounds for this motion are as follows:

1. Salesforce's motion to compel arises out of a series of cases brought by WSOU Investments, LLC ("WSOU Investments") against Salesforce in the Western District of Texas, styled *WSOU Investments, LLC v. Salesforce, Inc.,* C.A. Nos. 6:20-cv-1163 through 6:20-cv-1172 (ADA) (W.D. Tex.) ("the Texas Action").

2. In the Texas Action, Salesforce has raised a license defense, and served subpoenas on the Subpoenaed Parties that purportedly seek discovery relating that license defense.

3. The Subpoenaed Parties' Opposition and Motion to Transfer refers to (i) the transcript of a sealed discovery hearing in the Texas Action, (ii) a Salesforce settlement/license agreement that was produced under a confidentiality designation subject to the protective order in the Texas Action, and (iii) email correspondence between counsel for Salesforce and the Subpoenaed Parties discussing confidential information.

4. This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785–86 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299–

300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221–22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); see also Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential … commercial information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"). Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information. *See LEAP Sys.*, 638 F.3d at 222.

5. Permitting the Subpoenaed Parties to file their Opposition, Exhibits I, J, K, and M to the Burke Declaration, and the Motion to Transfer will preserve the status quo with respect to their rights and obligations under the protective order entered in the Texas Action, and protect the confidentiality of the license and operating agreements and their terms, including those terms containing sensitive non-public information. These interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and

confidential business transaction.

6. Notably, the Court has already determined that there is good cause for sealing the information discussed in the Opposition and Motion to Transfer and attached to the Burke Declaration as Exhibit I, J, K, and M when it granted Salesforce's Motion to Seal. *See* ECF No. 7.

7. The Subpoenaed Parties also seek to seal portions of their Corporate Disclosure Statement. The identities of certain of the entities listed on the Corporate Disclosure Statement are highly confidential and their disclosure is subject to the protective order entered in the Texas Action. Permitting this information to be filed under seal would allow for the preservation of third parties' sensitive non-public information while still allowing the Court to evaluate the existence of any financial interests in this action.

WHEREFORE, WSOU Holdings, LLC and WSOU Capital Partners, LLC respectfully request that the Court issue an Order in the form attached hereto permitting them to file the Proposed Sealed Documents under seal.

Dated: February 22, 2023

Morgan Pietz*
Pietz & Shahriari LLP
6700 S. Centinela Ave., 2nd Fl.
Culver City, CA 90230
(310) 424-5557
morgan@pstrials.com
*Pro Hac Vice application forthcoming

/s/ Sean J. Bellew
Sean J. Bellew (#4072)
Bellew LLC
2961 Centerville Road, Suite 302
Wilmington, DE 19808
(302) 353-4951
sjbellew@bellewllc.com

*Counsel for Third Party Defendants WSOU Holdings, LLC and WSOU Capital Partners, LLC*