IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WSOU INVESTMENTS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SALESFORCE, INC.,<br><br>        Defendant. | ) PENDING BEFORE THE UNITED<br>) STATES DISTRICT COURT FOR THE<br>) WESTERN DISTRICT OF TEXAS<br>)<br>) Civil Action Nos. 6:20-cv-1163 through -<br>) 1172 (ADA)<br>)<br>)<br>)<br>)<br>) |
| SALESFORCE, INC.,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>WSOU HOLDINGS, LLC and<br>WSOU CAPITAL PARTNERS, LLC,<br><br>    Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>) Misc. No. 23-27-CFC<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

This miscellaneous action was initiated on January 20, 2023 with the filing by Salesforce, Inc. of a motion pursuant to Federal Rule of Civil Procedure 45 to compel WSOU Holdings, LLC and WSOU Capital Partners, LLC (collectively, WSOU) to comply with certain subpoenas served by Salesforce in a series of patent infringement cases in the Western District of Texas (*WSOU Investments, LLC v. Salesforce, Inc.*, Case Nos. 6:20-cv-01163 through 6:20-cv-01172 (ADA)

(W.D. Tex.)). D.I. 2. Salesforce requested, and I granted it, leave to file its motion and supporting papers under seal with the condition that it file within seven days public versions of the motion and supporting papers. D.I. 7.

Pending before me is WSOU's motion for leave to file under seal (1) its answering brief in opposition to Salesforce's motion, (2) its opening brief filed in support of its own motion to transfer the action to the Western District of Texas, (3) its exhibits filed in support of those briefs, and (4) its disclosure statement required by Rule 7.1 and my Standing Orders regarding Disclosure Statements and Third-Party Litigation Funding Arrangements. D.I. 15. WSOU's motion for leave to file under seal prompted me to review all the filings the parties have maintained under seal to date.

I started with the parties' briefs (D.I. 3; D.I. 16; D.I. 20); and, because the parties justified the sealing of those briefs in part because the briefs quote from a sealed discovery hearing conducted by Judge Gilliland in the Western District of Texas, I shared copies of the briefs with Judge Gilliland to get his views on the appropriateness of maintaining the briefs under seal. I determined, and Judge Gilliland agreed, that no good cause exists to maintain the briefs under seal.

I then turned to the exhibits the parties filed with their briefs. Both sides filed as an exhibit the sealed transcript of Judge Gilliland's discovery hearing. *See*

2

D.I. 17-10; D.I. 21-6. Judge Gilliland had sealed the transcript at the joint request of the parties. Because he has yet to unseal it, I will maintain the transcript exhibits under seal.

I see no basis to keep under seal any of the other exhibits filed by WSOU (D.I. 17-1; D.I. 17-2; D.I. 17-3; D.I. 17-4; D.I. 17-5; D.I. 17-6; D.I. 17-7; D.I. 17-8; D.I. 17-9; D.I. 17-11; D.I. 17-12; D.I. 17-13); nor do I see any good cause to maintain under seal Exhibits 1–4, 7–11, 17, and 20–29 filed by Salesforce in support of its motion (D.I. 21-1; D.I. 21-2; D.I. 21-3; D.I. 21-4; D.I. 21-7; D.I. 21-8; D.I. 21-9; D.I. 21-10; D.I. 21-11; D.I. 21-17; D.I. 21-20; D.I. 21-21; D.I. 21-22; D.I. 21-23; D.I. 21-24; D.I. 21-25; D.I. 21-26; D.I. 21-27; D.I. 21-28; D.I. 21-29). Accordingly, I will unseal these exhibits.

Salesforce's remaining exhibits consist of a settlement agreement (D.I. 21-5) and seven LLC operating agreements (D.I. 21-12; D.I. 21-13; D.I. 21-14; D.I. 21-15; D.I. 21-16; D.I. 21-18; D.I. 21-19). These documents lie at the heart of the parties' dispute before me. No good cause exists to seal these documents in their entirety, but good cause exists to seal bank account and taxpayer identification information contained in the documents and good cause may exist to maintain under seal certain dollar amounts (but not ownership percentages). Accordingly, I will give the parties ten days to submit proposed redactions to these exhibits.

Finally, no good cause exists to seal WSOU's disclosure statement (D.I. 18), which merely identifies—but only partially—the real parties behind WSOU.

The District Court is not a star chamber. We are a public institution in a democratic republic and the public has a right of access to our filings and proceedings. That right is founded in the common law and "antedates the Constitution." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986). The public's right of access is not absolute; but it is strongly presumed, and it can be overcome only if a party demonstrates that public disclosure of a filing will result in "a clearly defined and serious injury." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Public disclosure that an individual has an ownership interest in an entity created by a state cannot be said to constitute an injury. Corporations and LLCs may offer individuals protection from liability, but they don't entitle individuals to anonymity in court proceedings. "The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.).

Now therefore, at Wilmington on this Twenty-fourth day of February in 2023, it is HEREBY ORDERED that:

4

1. WSOU's Motion for Leave to File under Seal (D.I. 15) is GRANTED IN PART AND DENIED IN PART;

2. The Clerk of the Court is directed to unseal D.I. 3; D.I. 16; D.I. 17-1; D.I. 17-2; D.I. 17-3; D.I. 17-4; D.I. 17-5; D.I. 17-6; D.I. 17-7; D.I. 17-8; D.I. 17-9; D.I. 17-11; D.I. 17-12; D.I. 17-13; D.I. 18; D.I. 20; D.I. 21-1; D.I. 21-2; D.I. 21-3; D.I. 21-4; D.I. 21-7; D.I. 21-8; D.I. 21-9; D.I. 21-10; D.I. 21-11; D.I. 21-17; D.I. 21-20; D.I. 21-21; D.I. 21-22; D.I. 21-23; D.I. 21-24; D.I. 21-25; D.I. 21-26; D.I. 21-27; D.I. 21-28; and D.I. 21-29; and

3. The parties shall submit no later than March 6, 2023, proposed public versions of D.I. 21-5; D.I. 21-12; D.I. 21-13; D.I. 21-14; D.I. 21-15; D.I. 21-16; D.I. 21-18; and D.I. 21-19.

_____
Chief Judge